```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JUSTIN PAUL MCKENZIE,**

     **Plaintiff,**

**v.**                        **CIVIL ACTION NO. 1:17CV154**
                                         (Judge Keeley)

**JOSEPH DELONG, Executive Director;**
**SHANNON MARKLE, CRJ Administrator;**
**JOHN DOE(S), Correctional Officers;**
**TRAVIS CROOK, C.O.;**
**LT. SHAVER; and JOHN DOE Team Members**

     **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89]**
**AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

## I. PROCEDURAL BACKGROUND

On August 21, 2017,[1] the pro se plaintiff, Justin Paul McKenzie ("McKenzie"), filed this complaint pursuant to 42 U.S.C. § 1983, naming as defendants numerous employees of the Central Regional Jail ("CRJ") (Dkt. No. 1). In his complaint, McKenzie alleges that, while he was incarcerated at CRJ, the defendants utilized excessive force on him, assaulted and battered him, and otherwise violated his rights during a raid performed by a Special Response Team on September 12, 2014. Id. at 7-8. For relief, he seeks a medical evaluation and treatment for post-traumatic stress disorder (PTSD), an expungement of his disciplinary convictions,

---

[1] As discussed in Magistrate Judge Aloi's report and recommendation, the plaintiff originally filed suit in this Court on August 21, 2017. See Dkt. No. 89 at 11. On September 7, 2017, the plaintiff re-filed his complaint on the court-approved form (Dkt. No. 1).

the discharge of his remaining sentence of incarceration, and damages. Id. at 9. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the matter to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

On December 28, 2017, defendant Lt. Shaver ("Shaver") moved to dismiss McKenzie's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 39), primarily on the basis that the complaint was not filed within the applicable statute of limitations and, therefore, must be dismissed for failure to state a claim upon which relief can be granted. Id. at 4-6. Alternatively, Shaver argued that McKenzie had failed to allege sufficient facts to support a claim against him, that McKenzie had failed to state a cognizable § 1983 claim, and that Shaver was entitled to qualified immunity. Id. at 6-17. On January 21, 2018, defendants Joseph Delong ("Delong) and Shannon Markle ("Markle") also moved to dismiss the complaint on the same grounds (Dkt. No. 51).

In a report and recommendation ("R&R") entered on May 17, 2018, Magistrate Judge Aloi recommended that the Court grant the defendants' motions and dismiss the complaint with prejudice because of McKenzie's failure to comply with the applicable two-year statute of limitations (Dkt. No. 89). The R&R also

specifically warned McKenzie that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 17. On June 5, 2018, McKenzie filed objections to the R&R (Dkt. No. 91).[2]

## II. STANDARD OF REVIEW

**A. Motion to Dismiss**

In reviewing the sufficiency of a complaint under Rule 12(b)(6), a district court " 'must accept as true all of the factual allegations contained in the complaint.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In considering whether the

---

[2] On June 12, 2018, defendants Shaver, Delong, and Markle filed a joint Response to Plaintiff's Objections, in which they requested that the Court enter an order overruling McKenzie's objections and adopting Magistrate Judge Aloi's recommendations (Dkt. No. 96).

facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting Twombly, 550 U.S. at 547).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir.2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

**B.   Review of the R&R**

When considering a magistrate judge's R&R made pursuant to 28 U.S.C. § 636(b)(1), the Court must review de novo those portions to which objection is timely made. Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellacirprete v. Gutierrez,

479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### III. DISCUSSION

"The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed.R.Civ.P. 12(b)(6), if the time bar is apparent on the face of the complaint." Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005) (citations omitted). Here, the defendants contend that the claims asserted in the complaint are time-barred because McKenzie did not file suit until August of 2017, nearly three years after the incident giving rise to his claims.

While § 1983 provides a federal cause of action, it looks to the most analogous state law cause of action to establish the applicable statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). For § 1983 suits, that cause of action is a personal injury suit. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 388 (4th

Cir. 2014). Under West Virginia Code § 55-2-12, the period to bring a claim for personal injury is two years. Hence, a two-year statute of limitations applies to McKenzie's claims.

In his objections, McKenzie contends that his claims are not time-barred because the otherwise applicable two-year statute of limitations is tolled while he awaits resolution of his administrative grievances (Dkt. No. 91). Specifically, he objects to the R&R's conclusion that the relevant limitations period began to run on November 12, 2014, i.e., sixty (60) days from his filing of grievances related to the alleged assault and battery. McKenzie argues that his administrative grievances "are still pending and still unresolved" and the statute of limitations therefore "has not even begun" to run. Id. at 3-4; 5-6.

**A.　Accrual**

"The applicable statute of limitations begins to run once a claim accrues, and federal law controls that determination." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). "A civil rights claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (internal quotation omitted). This occurs "when the plaintiff possesses

sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

Here, the parties do not dispute that the incident giving rise to McKenzie's complaint occurred on September 12, 2014 (Dkt. Nos. 1-5 at 3; 40 at 1, 4; 52 at 1, 4). Based on McKenzie's allegations that the defendants assaulted and battered him, and used excessive force against him during the incident (Dkt. No. 1-5), he clearly knew, or had reason to know, of the injury giving rise to his action on that date. A Soc'y Without a Name, 655 F.3d at 348. In point of fact, McKenzie filed no less than seven (7) administrative grievances on the same date as the alleged assault and battery, at least one of which relates to the claims at issue in the complaint. See Dkt. No. 71 at 23-29. Accordingly, his § 1983 claims accrued--and the statute of limitations began to run--on that date, September 12, 2014. A Soc'y Without a Name, 655 F.3d at 348.

**B.   Tolling**

A finding that the statute of limitations began to run on September 12, 2014 does not end the Court's inquiry, however. While the Fourth Circuit has not directly addressed the issue, circuits that have considered the question have uniformly held that the

statute of limitations for a § 1983 action should be equitably tolled while a prisoner exhausts the administrative process. Lopez v. S.C.D.C., 2007 WL 2021875 *2 (D.S.C. 2007); see also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (citing Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001)); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000); Gonzales v. Hasty, 651 F.3d 318, 323-324 (2d Cir. 2011).

This Court has previously observed, and the parties do not dispute, that the West Virginia Regional Jail Authority (WV RJA) makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. See, e.g., Chase v. Trent, No. 1:11CV108, 2012 WL 5845361, at *4 (N.D.W. Va. Oct. 16, 2012), report and recommendation adopted, No. 1:11CV108, 2012 WL 5845219 (N.D.W. Va. Nov. 19, 2012).[3] It is also undisputed that, under this procedure,

---

[3] The Court has previously summarized the WV RJA grievance procedure, in relevant part, as follows:

> Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection.

the grievance process must be concluded within sixty (60) days, inclusive of any extensions. Id.; see also Dkt. No. 91 at 3,5.

A careful review of the record in this case establishes that, on September 12, 2014, McKenzie filed at least one grievance related to the claims giving rise to this action (Dkt. No. 71 at 26). Thus, at best, the statute of limitations for McKenzie's § 1983 action would have been tolled from the filing of his grievance on September 12, 2014, until the conclusion of the grievance process, a maximum of sixty (60) days later, i.e., until November 14, 2014.

Despite McKenzie's general contention that his grievances related to the September 12, 2014 incident remain "pending," the unrefuted evidence demonstrates that, pursuant to WV CJA policy, each of McKenzie's grievances,[4] including the September 12, 2014 grievance related to his excessive force claim, was timely resolved within the mandatory sixty-day period. That McKenzie's excessive force grievance, which requested "a copy of the tape recording of [him] being tased," was rejected does not mean that his grievance

---

Chase, 2012 WL 5845361, at *4.

[4] As noted in the R&R, McKenzie filed no less than two hundred and thirty-five (235) "Inmate Request/Grievance" forms between October 3, 2013, and December 7, 2015. See Dkt. No. 71.

was not resolved (Dkt. No. 71 at 26). Therefore, the two-year limitations period for McKenzie's § 1983 claims began to run no later than November 14, 2014.[5]

Accordingly, McKenzie needed to file his complaint in this Court no later than two years from that date, or by November 16, 2016. Because McKenzie did not initiate this action until August 21, 2017 (Dkt. No. 89 at 11), over nine months after the expiration of the two-year filing period, his complaint was untimely and his claims are time-barred.

## IV. CONCLUSION

Therefore, for the reasons discussed, the Court:

1) **ADOPTS** the R&R (Dkt. No. 89);

2) **GRANTS** Defendants DeLong and Markle's motion to dismiss (Dkt. No. 51);

3) **GRANTS** Defendant Shaver's motion to dismiss (Dkt. No. 39);

4) **DENIES AS MOOT** McKenzie's motion for leave to amend the complaint (Dkt. No. 69), Defendant Crook's motion to

---

[5] Despite the fact that McKenzie's grievance was rejected by defendant Markle on September 15, 2014 (Dkt. No. 71 at 26), the Court will give McKenzie the benefit of the full sixty-day grievance resolution period, or until November 14, 2014, for tolling purposes.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 89]
AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

---

quash service of process (Dkt. No. 85), and Defendant Delong, Markle, and Shaver's motion to quash subpoena duces tecum (Dkt. No. 97) and

**5)     DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail and return receipt requested, and to enter a separate judgment order.
DATED: July 17, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
